1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
8      WESTERN DISTRICT OF WASHINGTON
AT TACOMA
9

10    MARY KLAAR,

11                              Plaintiff,                    CASE NO. 12-cv-5985-BHS-JRC

12            v.                                              REPORT AND
                                                             RECOMMENDATION ON
13    CAROLYN W. COLVIN, Acting                               PLAINTIFF'S COMPLAINT
      Commissioner of the Social Security
14    Administration,                                         Noting Date: January 10, 2014

15                              Defendant.

16

17            This matter has been referred to United States Magistrate Judge J. Richard

18    Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR

19    4(a)(4), and as authorized by *Mathews, Secretary of  H.E.W. v. Weber*, 423 U.S. 261,

20    271-72 (1976).  This matter has been fully briefed (*see* ECF Nos. 14, 17, 18).

21            After considering and reviewing the record, the Court finds that the ALJ failed to

22    provide any legitimate and specific reason for failing to credit fully opinions from

23    plaintiff's treating physician regarding plaintiff's specific functional limitations.

24

Although the ALJ found that plaintiff was disabled until August 5, 2008, she found that plaintiff no longer was disabled as of August 6, 2008. However, the ALJ rejected opinions from treating physician, Dr. Luckwitz, because they were offered after December 31, 2007, plaintiff's date last insured. The ALJ's conclusion that the treating doctor's opinions were not relevant because they were offered after December 31, 2007 is clearly erroneous, given the ALJ's appropriate conclusion that plaintiff was disabled after December 31, 2007 until at least August 5, 2008. August of 2008 clearly is a very relevant period of time, and the evidence demonstrates that Dr. Luckwitz was plaintiff's treating physician during this critical month (*see* Tr. 1001).

For these and other reasons discussed herein, this matter should be reversed and remanded for further proceedings.

<u>BACKGROUND</u>

Plaintiff, MARY KLAAR, was born in 1960 and was forty-four years old on the alleged date of disability onset of July 12, 2004 (*see* Tr. 15, 147). As summarized by counsel at plaintiff's administrative hearing: "[Plaintiff] has a high school degree, plus some beauty school training. But her past work was office work for her husband only, and also some novelty item sales at parties, and beauty supplies at salons" (Tr. 39). Plaintiff also indicated the following at her hearing:

> [Plaintiff]'s application for benefits arises out of chronic pain and resulting depression she has suffered since July 12, 2004. That is both her onset date and it's the date on which she underwent surgery for a bladder lift and vaginal hysterectomy, and at which time a tumor was found on her ovary. Since then, despite follow up corrective surgery in 2005 and 2008, [plaintiff] has been largely bedridden suffering from

nerve damage, partial fecal and bladder incontinence, chronic pain in her pelvic region, and depression.

(*Id.*).

Plaintiff has at least the severe impairments of ilioinguinal "and iliohypogastric neuralgia, a major depression disorder, rule out of prescription pain medication dependence; and a pain disorder (20 C.F.R. § 404.1520(c))" (*see* Tr. 18).

At the time of the hearing, plaintiff was living with her husband and her 16-year old son (Tr. 41).

## PROCEDURAL HISTORY

On December 4, 2008, plaintiff protectively filed an application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act (*see* Tr. 15). The application was denied initially and following reconsideration (*see id.*). Plaintiff's requested hearing was held before Administrative Law Judge Eleanor Laws ("the ALJ") on January 6, 2011 (*see* Tr. 34-58). On January 24, 2011, the ALJ issued a written decision in which the ALJ concluded that plaintiff was disabled within the meaning of the Social Security Act from July 12, 2004 through August 5, 2008, but that on August 6, 2008, medical improvement occurred related to plaintiff's ability to work such that plaintiff no longer was disabled pursuant to the Social Security Act as of August 6, 2008 (*see* Tr. 11-32).

On September 18, 2012, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-5). *See* 20 C.F.R. § 404.981. On November 14, 2012, plaintiff filed a

complaint in this Court seeking judicial review of the ALJ's written decision (*see* ECF No. 1). Defendant filed the sealed administrative record regarding this matter ("Tr.") on January 22, 2013 (*see* ECF Nos. 10-12).

In plaintiff's Opening Brief, plaintiff contends the following:   (1) "The ALJ erroneously rejected the un-contradicted opinion of plaintiff's treating physician without providing 'clear and convincing' reasons for doing so; [and] (2) The ALJ erroneously found plaintiff credible before August 6, 2008, but not credible on and after that date, without 'specifically identifying' less than credible testimony or providing 'clear and convincing' reasons for rejecting testimony" (*see* ECF No. 14, p. 2).

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on the fifth and final step of the sequential disability evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled pursuant to the Act only if claimant's impairment(s) are of such severity that claimant is unable to do previous work, and cannot, considering the claimant's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§

423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995) (*citing Magallanes, supra*, 881 F.2d at 750).

In addition, the Court must independently determine whether or not "'the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (collecting cases)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (*citing Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985)). According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit

what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219,

1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other

citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we

may not uphold an agency's decision on a ground not actually relied on by the agency")

(*citing Chenery Corp, supra*, 332 U.S. at 196). In the context of social security appeals,

legal errors committed by the ALJ may be considered harmless where the error is

irrelevant to the ultimate disability conclusion when considering the record as a whole.

*Molina, supra*, 674 F.3d at 1117-1122; *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*,

556 U.S. 396, 407 (2009).

<u>DISCUSSION</u>

1. **Whether or not the ALJ erroneously rejected the uncontradicted opinion of plaintiff's treating physician without providing 'clear and convincing' reasons for doing so**.

   Defendant makes no attempt to defend the ALJ's only reason for rejecting the

opinion of plaintiff's treating physician (*see* Response, ECF No. 17, p. 8).  Plaintiff's

argument is very persuasive and is set forth below in full:

   **A. Standard**
   The value of a treating physician's opinion is well-established. As held
   in *Smolen v. Chater,* 80 F.3d 1273, 1285 (9th Cir. 1996):

   > Because treating physicians are employed to cure and thus have
   > a greater opportunity to know and observe the patient as an
   > individual, their opinions are given greater weight than the
   > opinions of other physicians." *Rodriguez v. Bowen*, 876 F.2d
   > 759, 761-62 (9th Cir. 1989); *Sprague v. Bowen*, 812 F.2d 1226,
   > 1230 (9th Cir. 1987). Therefore, an ALJ may not reject treating
   > physicians' opinions unless he "makes findings setting forth
   > specific, legitimate reasons for doing so that are based on
   > substantial evidence in the record." *Magallanes v. Bowen*,

881F.2d 747, 751 (9th Cir. 1989) (*quoting Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). In addition, if the treating physicians' opinions are uncontroverted, those reasons must be clear and convincing. *Rodriguez*, 876 F.2d at 761-62. Similarly, the opinions of a specialist about medical issues related to his or her area of specialization are given more weight than the opinions of a nonspecialist.See 20 C.F.R. § 404.1527(d)(5).

John Luckwitz, MD, is plaintiff's treating physician. Tr. 1001. He specializes in pain management, and the ALJ identified no contradictory opinions in the record. Thus, the ALJ was required to provide "clear and convincing" and "specific and legitimate" reasons if she were to reject Dr. Luckwitz's opinion.

**B. [Excerpts from] The ALJ's Decision:**

On January 4, 2011, treating pain management physician Dr. Luckwitz wrote that
Ms. Klaar's impairments do cause chronic severe limitations to her daily life. She requires frequent position changes, at least every 15 to 30 minutes. Remaining in a seated position acts to aggravate her pain, worsening her left ilioinguinal and iliohypogastric neuralgia. This also has resulted in difficulty concentrating. I would anticipate that her condition is chronic and that she will continue to have impairment with continued limitation in her ability to perform work activities despite medical treatment.

Tr. 1001. The ALJ assigned little weight to this opinion on the ground that Dr. Luckwitz treated plaintiff after her date last insured:

[t]his source did not initiate treatment until after the claimant's insured period had expired. Consequently, his opinion is of little weight regarding the issue of disability.
* * *
As all of the information available to this source is subsequent to the December 31, 2007, date last insured, the opinion is of little or no weight regarding the issue of disability during the relevant time period.

Tr. 21, 25. Of course this makes no sense at all in light of the ALJ's decision granting benefits granting benefits until August 5, 2008, but not thereafter. Because the ALJ found plaintiff disabled through August 5,

2008, the issue is not whether plaintiff was disabled prior to her December, 2007 date last insured, but whether plaintiff was disabled from August 6, 2008 forward. Dr. Luckwitz began treating plaintiff in February 2008, and had been treating her for three years when he wrote his January 2011 letter. Tr. 1001. His opinion is plainly material to the issue of disability from August 6, 2008 forward, which is the only issue in the case. The ALJ erred in rejecting Dr. Luckwitz's opinion on the sole ground that he did not treat plaintiff during the time when the ALJ found her disabled.

The issue is the post-August, 2008 period, during which the ALJ found her not disabled, and during all of which Dr. Luckwitz treated her. Accordingly, the Commissioner's decision should be reversed and remanded.

(Opening Brief, ECN No. 14, pp. 3-6).

Plaintiff's reasoning is persuasive and uncontested by defendant. Based on the relevant record; plaintiff's argument in the Opening Brief; and the relevant case law, federal regulations, and social security regulations, the Court concludes that the ALJ failed to provide any specific and legitimate reason for her failure to credit fully the opinions from plaintiff's treating physician, Dr. Luckwitz. During at least part of the relevant period of time, Dr. Luckwitz had been plaintiff's "treating pain management physician since 02/2008," seeing her "approximately every 3 to 4 months" (*see* Tr. 1001).

Defendant contends that "even if" the ALJ was found to have committed error, any error was harmless error (*see* Response, ECF No. 17, p. 8).

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Court noted multiple instances of the application of these principles. *Id*. (collecting cases). The court noted that "several of our cases have

1    held that an ALJ's error was harmless where the ALJ provided one or more invalid

2    reasons for disbelieving a claimant's testimony, but also provided valid reasons that were

3    supported by the record." *Id.* (citations omitted). The Ninth Circuit noted that "in each

4    case we look at the record as a whole to determine [if] the error alters the outcome of the

5    case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle

6    that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability

7    determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155,

8    1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow

9    the rule that courts must review cases "'without regard to errors' that do not affect the

10   parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407

11   (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

12   

13           Here, defendant argues that the ALJ committed at most only harmless error in the

14   evaluation of the medical opinion from Dr. Luckwitz because the ALJ nevertheless

15   incorporated Dr. Luckwitz's opinion into plaintiff's residual functional capacity ("RFC")

16   (*see* Response, ECF No. 17, pp. 8-10). However, plaintiff argues that:

17           [D]efendant ignores the pivotal change in the ALJ's RFC that resulted in
             a finding that plaintiff's disability ended as of August 6, 2008. In the
18           assessment describing the established period of disability, the ALJ found
             that plaintiff suffered moderate difficulties in concentration, persistence,
19           and pace, and thus would be limited to "simple routine work; and being
             off task or missing work a total of 2 days or more each month." Tr. 20.
20           In the assessment describing August 6, 2008 forward, the ALJ found that
             "concentration, persistence, and pace are improved eliminating frequent
21           absences" and thus limited plaintiff to "simple routine work" with no
             additional restriction.
22   

23   (ECF No. 18, p. 3 (*citing* Tr. 20, 24)).

24

1    Again, plaintiff's argument is persuasive. The ALJ relies on plaintiff's improved

2    concentration when making the ultimate determination that plaintiff no longer was

3    disabled as of August 6, 2008 (*see* Tr. 24). Yet, Dr. Luckwitz's opinions regarding

4    plaintiff's limitations with respect to concentration were not credited fully by the ALJ

5    (*see* Tr. 24, 25; *see also* Tr. 1001).

6    For the reasons stated, the Court concludes that the ALJ committed error in her

7    evaluation of the medical evidence, and further concludes that this error is not harmless.

8    "A treating physician's medical opinion as to the nature and severity of an

9    individual's impairment must be given controlling weight if that opinion is well-

10   supported and not inconsistent with the other substantial evidence in the case record."

11   *Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at

12   *14 (9th Cir. 2001) (*citing* SSR 96-2p, 1996 SSR LEXIS 9); *see also Smolen v. Chater*,

13   80 F.3d 1273, 1285 (9th Cir. 1996).

14

15   However, the question presented after determining that an ALJ committed error

16   that is not harmless becomes whether this matter should be reversed and remanded for

17   further proceedings or for an award of benefits. That issue will be discussed

18   subsequently.

19   2. **Whether or not the ALJ erroneously found plaintiff credible before August 6,**
20   **2008, but not credible on and after that date, without 'specifically identifying'**
21   **less than credible testimony or providing 'clear and convincing' reasons for**
     **rejecting testimony**.

22   The Court already has concluded that the ALJ erred in reviewing the medical

23   evidence and that this matter should be reversed and remanded for further consideration,

24

1  *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part

2  on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore,

3  plaintiff's credibility should be assessed anew following remand of this matter. However,

4  an identified error with respect to plaintiff's credibility will be discussed subsequently,

5  *see infra*, section 3.

6

7      3.  **Whether this matter should be reversed and remanded for further proceedings or reversed and remanded with a direction to award benefits**.

8

9        Generally when the Social Security Administration does not determine a

10  claimant's application properly, "'the proper course, except in rare circumstances, is

11  to remand to the agency for additional investigation or explanation.'" *Benecke v.*

12  *Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth

13  Circuit has put forth a "test for determining when [improperly rejected] evidence

14  should be credited and an immediate award of benefits directed." *Harman v. Apfel*,

15  211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292

16  (9th Cir. 1996)). It is appropriate when:

17

18        (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

19

20

21  *Harman, supra,* 211 F.3d at 1178 (*quoting Smolen, supra*, 80 F.3d at 1292).

22

      Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292.

23

24  Furthermore, the decision whether to remand a case for additional evidence or simply to

award benefits is within the discretion of the court.  *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d 1396, 1399 (9th Cir. 1988)).

For example, one issue remaining is that the ALJ appears to have relied heavily on a comment by plaintiff to a treatment provider on August 5, 2008 that she was able to work "if she had to" (Tr. 23 (*citing* 24F; 25F/1, *i.e.*, Tr. 949-988, 989) (""Brings up that husband asked her to look into SSI disability. Says she feels like she could work if she had to and does want to return to work eventually. However, has also been sick more lately"). It appears that this indication from the treatment record is at least ambiguous, and the ALJ following remand should develop the record on this issue if this statement by plaintiff is to be relied on as a pivotal factor in the case.

The written decision appears to contain heavy reliance on this statement. Yet, here, the ALJ repeatedly instructed plaintiff not to testify to the period of time from which this statement in the treatment record came (*see, e.g.*, Tr. 40, 45, 47, 48; *see also* Opening Brief, ECF No. 14, pp. 6-8). The ALJ also commented that plaintiff "did not speak to any extent regarding the improvements discussed in treatment records" (*see* Tr. 25). The Court finds this to be an unusual comment by the ALJ, given the circumstances of the ALJ's repeated direction to plaintiff to do just that. The Court also concludes it to be improper for an ALJ to disallow a claimant from testifying regarding a particular period of time, then for that ALJ subsequently to take a statement from the treatment record from that period of time to discredit her credibility. This especially is the case

here, where the ALJ repeatedly instructed plaintiff not to discuss this period of time at her administrative hearing, then noted that she failed to speak about this period of time. However, the issue of the extent to which plaintiff could maintain sustained full-time work activity based on a potentially improved condition remains unresolved.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).   If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

<u>CONCLUSION</u>

Based on the stated reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

1   Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

2   matter for consideration on January 10, 2014, as noted in the caption.

3          Dated this 20th day of December, 2013.

4

5

6                                          J. Richard Creatura
                                           United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 14